IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PHILIP GIEBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:06-00511-CV-W-DW |
| | ) | |
| JO ANNE BARNHART, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | | |

# ORDER

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 1). For the following reasons, the motion is denied.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. <u>Martin-Trigona v. Stewart</u>, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decided whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). <u>Id</u>. If the plaintiff qualifies by economic status, then the court grants the application to proceed *in forma pauperis*, but must also immediately decide whether the action must be dismissed because it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against a party immune from such damages. 28 U.S.C. § 1915(e)(2)(B); <u>Martin-Trigona v. Stewart</u>, 691 F.2d at 857.

A court may "authorize the commencement ... of any suit ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In analyzing plaintiff's economic status,

the Court considers that court fees and costs should not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4).

Here, Plaintiff's affidavit of financial status is meager, at best. Plaintiff's affidavit indicates that he is unemployed. While Plaintiff was previously employed at K-Mart, he neglects to inform the Court the details of his prior salary, as required by the affidavit form. Nor does Plaintiff indicate to the Court whether he is obligated to pay for a monthly rental or mortgage on a residence, though he indicates that he does pay monthly utility bills. Without crucial financial information, the Court is unable to properly determine whether payment of court fees and costs would cause Plaintiff to "give up the basic necessities of life." Accordingly, Plaintiff's Motion is DENIED. Plaintiff is reminded that he may, if he so chooses, file an amended motion to proceed *in forma pauperis* containing the necessary financial information.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: July 5, 2006