# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| PHILIP GIEBER, | ) |
| Plaintiff, | ) |
| v. | ) No. 06-0511-CV-W-DW |
| JO ANNE B BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

Plaintiff Philip Gieber seeks judicial review on a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for disability insurance benefits and for supplemental security income (SSI) benefits.

Since the complete facts and arguments are presented in parties' briefs, they will be discussed herein only as necessary. After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

<u>Standard of Review</u>

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); <u>Warburton v. Apfel</u>, 188 F.3d 1047, 1050 (8th Cir. 1999). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." <u>Craig v. Apfel</u>, 212 F.3d 433, 435 (8th Cir. 2000)

The review is more than an examination of the record for the existence of substantial

evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Determinations of credibility by the ALJ are granted deference so long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). If the Court finds two inconsistent positions present in the evidence, including one matching the Commissioner's findings, the Court must affirm the decision of the Commissioner. Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

## The ALJ's Analysis of Claimant's Pain Allegations

Claimant argues that the ALJ erred in excluding the restrictions resulting from his alleged pain. Here, the ALJ did consider whether Claimant had an impairment capable of producing the degree and type of pain he alleges. The ALJ went through a detailed history of Plaintiff's medical records and found that the records did not show any disabling symptoms that would warrant a finding of disability. Further, as discussed more below, the ALJ found that Claimant's alleged symptoms, including his pain, were not credible.

The ALJ sufficiently conducted an analysis as to the credibility of Claimant's subjective allegations. First, the ALJ found that Claimant's daily activities conflicted with Claimant's "allegations of debilitating orthopedic pain." See Murphy v. Sullivan, 953 F.2d 383, 386 (8th Cir.

2

1992). After a very thorough review of the medical records, the ALJ also concluded that Claimant's subjective allegations were inconsistent with the record and not credible. Jernigan v. Sullivan, 948 F.2d 1070, 1073 (8th Cir. 1991); Fleshman v. Sullivan, 933 F.2d 674, 675 (8th Cir. 1991). Finally, the ALJ noted that the record shows "very sporadic medical treatment" and does not show any "ongoing physical therapy, pain management, epidural injections or frequent emergency room visits. . ." or use of pain medication. An ALJ may consider the lack of treatment or infrequent treatment as a basis for discounting subjective complaints. McClees v. Shalala, 2 F.3d 301, 303 (8th Cir. 1993);Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987).

### The ALJ's Analysis of Plaintiff's Residual Functional Capacity

Claimant also argues that the ALJ failed to consider the combined effect of all of his impairments and only considered whether each individual impairment met the requisite level of severity. In his opinion, the ALJ states that, after reviewing the record, he found Claimant's "overall medical condition" resulted in a residual functional capacity that was limited to sedentary work affording a sit/stand option. Such a finding satisfies the ALJ's requirement to consider the combined effect of Claimant's impairments. See Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992);

The ALJ did not err in finding that Claimaint could perform the exertional requirement of sedentary sit/stand work. Claimant argues that this finding was in error since the ALJ did not mention pain or the functional restrictions imposed by Claimant's multiples medical impairments. Those arguments, however, were sufficiently addressed above.

Finally, Claimant argues that the ALJ's hypothetical to the Vocation Expert was flawed since it did not include Claimant's Non-Exertional Impairments. Those impairments, however,

3

were properly discredited and thus need not have been included in the hypothetical question. Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005).

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED.


Date:   June 28, 2007                                        /s/ Dean Whipple
                                      Dean Whipple
                                 United States District Judge